CHRISTIAN MUHLHAUSER v. THE CINCINNATI TRACTION COMPANY AND THE CITY OF CINCINNATI.

1. The owner of property abutting on a street has an easement in that portion of the street lying in front of his premises as an incident of tenure, and he may use the same for any purpose that does not interfere with the rights of the public.
2. An abutting owner has a right of action in respect of his said easement for any interference with right of access, etc., that is a private injury not shared in common with all other owners; but in respect of a general obstruction to travel upon the street, the primary injury is to the public and suit must be prosecuted by the public authorities or by the citizen in his capacity of tax-payer if the public authorities refuse to act.

HOSEA, J.

Interlocutory opinion on motion for temporary restraining order.

The petition in this case seeks a perpetual injunction against the City and the Traction Company to restrain the laying of tracks on Winchell avenue, and the cause has been submitted as upon final hearing. It clearly appears, however, that the real issues are not properly presented by the allegations of the pleadings, and the latter are in need of reformation before the case can be fully considered and determined.

(1)   The first cause of action is based upon a right or privilege alleged to have been granted to plaintiff in October, 1885, by the Board of Public Works, to place a wagon-scale platform in the street in front of his premises, with levers extending beneath the pavement into his grain warehouse. This is made an issue by the answer of the Traction company denying the validity of such grant as one creating rights in the plaintiff.

Under the facts shown and the law as applicable to them, this is a false issue and entirely immaterial. The real issue rests upon the owner's easement in that portion of the street lying in front of his premises, which is an incident of his tenure. This is made clear as the law of Ohio in a long and consistent current of decisions. The principle is tersely stated in one of the latest (*Gibson* v. *Ebding,* 70 O. St., 298), as follows:

"The land (of a roadway) remains the property of the owner of the servient estate and he is entitled to use it for any purpose that does not interfere with the easement" (granted to the public). (See 70 St., 113 (118); 58 St., 651; 38 St., 41; 14 St., 523; 7 St., 460, and the very recent ruling in *City of Columbus* v. *Penrod,* 73 St., ——.)

*Elster* v. *Springfield,* 49 St., 82, cited in argument, has no application to the present case except to confirm the principle stated. The grant or permission there had relation to the street as a whole, and the easement rights of an abutting owner were clearly distinguished (p. 96).

(2)   The statement of the second cause of action is prolix and confusing because of failure to distinguish between things legally distinct, in these particulars, namely:

(*a*) An abutting owner may sue to prevent injury to the immediate right of access to his property under his easement—which is a private injury and properly the subject of a private action; but in respect of a general obstruction to travel upon the street, the primary injury is to the public for whose use the street as such is dedicated. The latter suit, therefore, must be brought by the city solicitor or by the citizen in the capacity of a tax-payer under the law in that behalf. See for illustrations of the distinction: *Lyon* v. *Fishmongers,* 1 L. R. App. Cas., 662; *Brayton* v. *City of Fall River,* 113 Mass., 218 (cited in *Branahan* v. *Hotel Co.,* 39 O. St., 333).

(*b*) The petition alleges that the construction of the proposed tracks is for the private benefit of the railway company, and not for public benefit; yet at the same time it is in effect admitted that it is being done by grant of the city council, and the legality of said grant is not put in issue. In the absence of a direct issue, it is questionable whether a court should imply one as against presumptions in favor of official action under laws relating to the general subject-matter. If it is intended that the court shall consider this phase, the issue should be in some form clearly made.

(3) It is manifest from the testimony that the Cincinnati Street Railway Company, lessor of the Cincinnati Traction Company, should be made a party defendant, inasmuch as the ordinance, by virtue of which the proposed work is being done, grants rights to the two companies jointly, and it is a necessary inference that the work is being done by them jointly, or for their joint benefit.

Enough appears in the case thus far to justify the issuing of a restraining order as prayed, *pendente lite,* and an entry in this behalf may be made; but, as the pleadings require amendment for the reasons and in the particulars above set forth, the entry should also include an order for their reformation—the petition within fifteen days; answer within ten days thereafter; and reply within five days thereafter; and continuing the further hearing of the cause for

thirty days, with leave to both sides to introduce further testimony.

*Jerome D. Creed, F. P. Muhlhauser* and *W. C. Muhlhauser,* for plaintiff.

*Smith Hickenlooper* and *Outcalt & Foraker,* for the Cincinnati Traction Co.

*Walter A. DeCamp,* Assistant City Solicitor, for the City of Cincinnati.